XIAOFEN WANG, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales [1], Respondent.

No. 04–5041–ag.

United States Court of Appeals, Second Circuit.

June 6, 2006.

Frank R. Liu, New York City, for Petitioner.

Charles T. Miller, United States Attorney, District of West Virginia, L. Anna Forbes, Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Xiaofen Wang petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the decision of

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Immigration Judge ("IJ") Paul A. DeFonzo which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The INA, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review any agency determination that an application was not filed within the one-year time limit. The provisions of the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), do not disturb the fact that this Court lacks jurisdiction to review the denial of the asylum application in the present case because Wang has challenged only purely factual determinations and the agency's exercise of discretion in granting the Government's motion to pretermit. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

When the BIA issues an opinion that adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility determination was supported by substantial evidence. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. Each inconsistency the IJ relied on was borne out by the record, and bore a legitimate nexus to the basis for Wang's claim. The IJ also relied on the fact that Wang did not submit any documentary evidence of her abortion procedure or her IUD insertions, and that she had failed to present an accessible witness to testify in support of her claims of persecution and entry into the United States. Such a failure to corroborate testimony is a permissible basis for an IJ to rely on in making an adverse credibility determination because the absence of particular corroborating evidence can be viewed as suspicious. *See Xiao Ji Chen,* 434 F.3d at 164. The IJ did not rely solely on the failure to corroborate as his basis for the adverse credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

In addition, nothing in the record, testimony or Wang's counseled brief indicates that she will be subject to torture upon her return to China. As such, the agency's CAT determination is upheld.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).